IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00159-BNB

DENEEN L. BARRAZA,

    Plaintiff,

v.

MAJOR ANDING,
[PRIVATE PRISON MANAGEMENT UNIT] PPMU MAINE, and
ARISTEDES ZAVARAS,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 17 2010

GREGORY C. LANGHAM
CLERK

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Deneen L. Barraza, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the High Plains Correctional Facility in Brush, Colorado. She filed *pro se* a civil rights complaint pursuant to 42 U.S.C. § 1983 for money damages and injunctive relief. She has been granted leave to proceed pursuant to 28 U.S.C. § 1915 without payment of an initial partial filing fee.

The Court must construe Ms. Barraza's filings liberally because she is representing herself. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. **Hall**, 935 F.2d at 1110. For the reasons stated below, Ms. Barraza will be directed to file an amended complaint.

As her first claim, Ms. Barraza alleges that on approximately August 9, 2009, she was attacked by another inmate, Ms. Coplen, with a pair of scissors. She complains

that Ms. Coplen did not have a hobby permit allowing her to have scissors while she was on loss-of-privileges status and that "[n]othing was ever done" about the alleged attack. Complaint at 4. As her second claim, Ms. Barraza alleges that on August 18, 2009, she was sexually harassed, apparently by Ms. Coplen, but Plaintiff's supporting allegations are unintelligible. Finally, as her third claim, Ms. Barraza alleges that on August 15, 2009, she was sexually harassed by Ms. Coplen, whom she caught masturbating in bed. Ms. Barraza apparently disagrees with the attitude of two prison officers who informed her that as long as Ms. Coplen was on her own bed, her actions were acceptable.

Ms. Barraza must assert personal participation by each named defendant. See **Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Ms. Barraza must name and show how named defendants caused a deprivation of her federal rights. See **Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. See **Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as DOC Executive Director Aristedes Zavaras, may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. See **Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983).

Ms. Barraza may use fictitious names such as "John or Jane Doe" if she does not know the real names of the individuals who allegedly violated her rights. However,

if Ms. Barraza uses fictitious names she must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

The amended complaint Ms. Barraza will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In order for Ms. Barraza to state a claim in federal court, her "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Ms. Barraza sets forth an unnecessary discussion of often

insignificant details in support of her claims rather than providing "a generalized statement of the facts from which the defendant[s] may form a responsive pleading." **New Home Applicant Ctr., Inc. v. Thompson**, 250 F.2d 881, 883 (10th Cir. 1957).

Ms. Barraza, therefore, will be directed to file an amended complaint that contains a short and plain statement of her claims, asserts what constitutional rights were violated, and alleges specific facts demonstrating how each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Plaintiff, Deneen L. Barraza, file **within thirty days from the date of this order** an amended Prisoner Complaint that complies with the directives of this order. It is

FURTHER ORDERED that the clerk of the Court mail to Ms. Barraza, together with a copy of this order, two copies of the Court-approved Prisoner Complaint form to be used in submitting the amended complaint. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that if Mr. Barraza fails to file an amended complaint as directed within the time allowed, the complaint and the action will be dismissed without further notice.

DATED March 17, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00159-BNB

Daneen L. Barraza
Prisoner No. 55860
High Plains Corr. Facility
901 Industrial Park Rd.
Brush, CO 80723

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 3/17/10

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk